# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR C. ORTEGA,<br><br>    Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 06CV1337 JM (JMA)<br><br>**ORDER DENYING MOTION TO SET ASIDE ADMINISTRATIVE FORFEITURE** |

Plaintiff Oscar C. Ortega ("Plaintiff") moves pursuant to 18 U.S.C. § 983(e) to set aside the government's forfeiture of a 2001 Jaguar automobile (the "Jaguar") and approximately $40,000 in U.S. currency. Plaintiff asserts his own claim as to the Jaguar and asserts a claim on behalf of his son, Oscar A. Ortega ("Ortega"), as to the $40,000. Ortega is currently incarcerated and has appointed Plaintiff as his attorney-in-fact in this matter. The issues to be decided are whether Plaintiff's § 983(e) motion should be granted because the government failed to take reasonable steps to give notice of the forfeiture or, alternatively, whether the forfeiture should be set aside because the government's notice procedure failed to satisfy the Due Process Clause.

Having considered the parties' oral arguments and papers, the court hereby DENIES the motion for the reasons set forth below.

///

## BACKGROUND

On April 6, 2005, local police were surveilling a residence at 2543 Walking Stick Court, Chula Vista, California 91915. Police observed Ortega and another man leave the residence and drive away in a truck. The police followed the truck and pulled it over for a traffic stop. Ortega was the driver. During the course of the stop, Ortega sped away from the scene and police were unable to capture him.

A few hours later that same day, officers executed a search warrant on the Walking Stick Court residence, where they found weapons, drugs, an electronic scale, the $40,000, the Jaguar, and the Jaguar's title. The items were thereby seized.

The government sent notice of forfeiture on or around April 22, 2005 by certified mail to "Oscar Ortega" at two addresses: the Walking Stick Court address above, from where the items had been seized, and 1314 Whitaker Avenue, Chula Vista, California 91911, which was the address listed on the Jaguar's title. Before mailing notice, the government checked Department of Motor Vehicles ("DMV") records to verify that the Jaguar's registered owner's address was indeed the Whitaker Avenue address above. The notice provided that both the Jaguar and the $40,000 had been seized and were subject to forfeiture. Both notices were returned unclaimed in May 2005. Ortega was arrested on June 7, 2005 and later pled guilty to state drug charges.

The government resent notice to the same two addresses on July 12, 2005, this time by regular mail. Notice was also published in the *San Diego Commerce* newspaper on July 12, July 19, and July 26, 2005. After hearing no response, the government declared the property administratively forfeited on September 23, 2005. Now comes the present motion.

## DISCUSSION

Any interested person may move to set aside an administrative declaration of forfeiture if he failed to receive written notice. 18 U.S.C. § 983(e). The motion must be granted if (1) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with

1 notice, and (2) the moving party did not know or have reason to know of the seizure
2 within sufficient time to file a timely claim.  § 983(e)(1)(A)-(B).

3      In addition, the Due Process Clause requires the government to give a person
4 adequate notice before depriving him of property. Adequate notice is "notice reasonably
5 calculated, under all the circumstances, to apprise interested parties of the pendency of
6 the action and afford them an opportunity to present their objections." Mullane v.
7 Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The Mullane
8 reasonableness test applies to forfeiture proceedings. Dusenbery v. United States, 534
9 U.S. 161, 167 (2002).

10     **I.**    **The Jaguar**

11      Plaintiff argues that the government failed to take reasonable steps to give notice
12 because had the government checked DMV records more thoroughly, it would have
13 learned that the Jaguar's registered owner "Oscar C. Ortega" had a different address on
14 his driver's license to which notice should have been sent.  This address was 333 East
15 San Ysidro Boulevard, #24, San Ysidro, California.  In addition, Plaintiff argues that
16 a more thorough check would have revealed that "Oscar C. Ortega" owned other
17 vehicles as well, some of which were registered to the East San Ysidro Boulevard
18 address above.  According to Plaintiff, this means that the government had reason to
19 know that Whitaker Avenue was not Plaintiff's correct address.

20      Plaintiff's arguments are unpersuasive.  The fact that Plaintiff's driver's license
21 address may have been different is irrelevant.  The government is not obligated under
22 these circumstances to cross-check the Jaguar's title address with the registered owner's
23 driver's license address. Cf. Jones v. Flowers, 126 S. Ct. 1708, 1719 (2006) (rejecting
24 homeowner's argument that before foreclosing on house for failure to pay taxes, state
25 should have inspected local phonebook and government records to ascertain
26 / / /
27 / / /
28 / / /

1 his correct address when first notice was returned unclaimed).[1]  The registered 2 addresses of Plaintiff's other cars is also irrelevant. The government was seeking to 3 forfeit the Jaguar, not Plaintiff's other cars.  In sum, the government acted reasonably 4 when it checked DMV records to confirm the address listed on the Jaguar's title and 5 then sent notice to that address.

6 When the first notice was returned unclaimed, due process required the 7 government to take additional steps to give notice, if practicable. Jones, 126 S. Ct. at 8 1713.  Here, the government took the additional and reasonable steps of sending a 9 second notice by regular mail and publishing notice in a local newspaper. See id. at 10 1718-19 (suggesting that one additional reasonable step is to resend notice by regular 11 mail).

12 Finally, Plaintiff argues he never received actual notice of the forfeiture. 13 However, neither the statutory text nor the Due Process Clause requires actual notice. 14 § 983(e)(1)(A); see Dusenbery, 534 U.S. at 170.

15 The court notes that even if the government had failed to take reasonable steps 16 to give notice, Plaintiff's § 983(e) motion must still be denied because Plaintiff knew 17 the Jaguar had been seized.  The evidence shows that during the pendency of his son's 18 criminal case, Plaintiff had asked his son's attorney what could be done to recover 19 possession of the car.  Therefore, Plaintiff must have known the car had been seized 20 within enough time to file a timely claim and he cannot prove the second prong of the 21 statute. See § 983(e)(1)(B).  Plaintiff argues that § 983(e)(1)(B) requires him to have 22 known the Jaguar was seized for forfeiture purposes, and that he only knew it had been 23 seized for evidentiary purposes.  However, plaintiff cites no authority in support of his 24 argument and the text of the statute merely requires knowledge of seizure.  Even if 25 Plaintiff were correct–that  the statute requires him to have known the correct purpose

26

27 [1] Since the court finds that the government complied with the additional duties imposed by Jones, the court need not decide, and the parties have not raised, 28 whether Jones, decided in 2006, applies to forfeiture proceedings that occurred in 2005.

of the seizure–the mailed notices provided that the "the property was seized and subject to forfeiture[.]" Since the court has already deemed the method for giving notice constitutionally adequate, Plaintiff's argument does not help his case.

Therefore, the motion is denied as to the Jaguar.

## II.  **The $40,000**

The government first sent notice to Ortega at Walking Stick Court and at a time when Ortega was evading the law. This was reasonable under the circumstances given that Ortega was a fugitive who had been seen leaving Walking Stick Court the day the property was seized. When the first notice was returned unclaimed, the government was obligated to take additional steps to give notice, if practicable. See Jones, 126 S. Ct. at 1713. Although the government contends, and the court agrees, that additional steps were not practicable because Ortega was a fugitive, it nevertheless took the additional steps of mailing and publishing notice.

The question then becomes whether these additional steps were reasonable given that Ortega was in state custody at the time the second notice was sent. The court finds that they were. The court is not aware of any authority providing that, as a *Constitutional* matter, the government is obligated to check with state authorities as to whether an interested party is in custody before mailing notice of forfeiture, even when the interested party is a fugitive. If Ortega had been in *federal* custody, then arguably it would have been unreasonable for the government to resend notice as it did, rather than to Ortega's counsel or place of incarceration. However, that is not the situation the court faces here. On these facts, the government acted reasonably to give notice under the circumstances.

Finally, even if the government had failed to give adequate notice, Ortega's § 983(e) motion must still be denied because Ortega knew the money had been seized within sufficient time to file a timely claim and thus he cannot satisfy § 983(e)(1)(B). The evidence shows that Ortega was present at his state preliminary hearing on July 14, 2005 at which the seizure of the $40,000 was described. The money was not declared

forfeited until September 23, 2005. Ortega had over two months to file a claim and he did not.

**CONCLUSION**

For the foregoing reasons, the court DENIES the motion in its entirety.

**IT IS SO ORDERED.**

DATED: September 22, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties